Argued February 26, affirmed April 1, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
BOYCE, *Respondent, and* BOYCE, *Appellant.*
520 P2d 460

*James W. McClurg,* Portland, argued the cause for appellant. With him on the briefs were Kennedy & King, Portland.

*Clifford W. Powers,* Portland, argued the cause for respondent. With him on the brief were Powers & McCulloch, Portland.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

The husband appeals from the financial provisions of a decree of dissolution of marriage granted to the wife, contending that the trial judge erred in dividing the assets to the parties.

The parties were married for some 28 years. Two children were born to the marriage. In addition the husband adopted the wife's son by her prior marriage. All children are now grown and capable of supporting themselves, although at the time of trial some were living temporarily in the family home with the wife.

The evidence established that shortly after the husband returned from military service in 1945 he entered into a partnership with his older brother to operate a small restaurant on East Broadway in Portland. The older brother was the bankroller and silent partner. The personal relationship between the brothers was close. Their financial dealings with each other involving the restaurant were quite complicated. The wife apparently did not know very much about these dealings. The husband acted as business manager of the restaurant. He worked hard and the business prospered. Additions to the premises were constructed on two occasions. The wife also took an active role in the business principally as bookkeeper and occasionally as manager during the husband's temporary absences, and was paid a small salary.

The wife is now 51 years of age and the husband is 53.

The trial judge awarded the wife the following:

(1) The family residence, subject to its mortgage indebtedness. The evidence was that the home had an assessed value of $34,490 and an estimated market value as high as $40,000; that the mortgage balance was $18,000, leaving the net value at approximately $22,000.

(2) The household furniture and fixtures, worth approximately $5,000.

(3) An undivided one-half interest as tenant in common in a lot worth $15,000, which is used as a part of the restaurant.

(4) Lump sum judgment for $16,250, which the court said represented 50 per cent of the husband's 25 per cent interest in the restaurant.

(5) Attorney fees in the amount of $2,200 plus out-of-pocket costs.

In addition the trial judge awarded the wife alimony of $400 a month for three years.

On appeal the husband stresses these points: that the trial judge awarded the wife far in excess of one-half of the assets including the lump sum judgment plus attorney fees; that the restaurant has now started losing money; and that the husband's assets and earnings are so meager that he cannot pay the obligations imposed by the decree. Further the husband avers that the trial judge erred in placing credence in the testimony of the wife's value witnesses as to the worth of the restaurant, as opposed to the testimony of the husband's value witnesses.

According to our calculations the court in effect

made the following division of the assets of the marriage:

To the wife:

| | |
|---|---|
| Family home (Net value based on assessed valuation of $34,490) | $16,490 |
| Furniture and furnishings | 5,000 |
| ½ interest in Lot 2 | 7,500 |
| ½ husband's share of business | 16,250 |
| | $45,240 |

To the husband:

| | |
|---|---|
| ½ interest in Lot 2 | $ 7,500 |
| ½ interest in Lot 4 | 6,250 |
| ½ husband's share of business | 16,250 |
| Life insurance | 7,000 |
| Hunting gear and personal items | 725 |
| | $37,725 |

The court awarded the wife alimony of $400 a month for a period of three years.

The preponderance of the evidence supports the trial judge's conclusion that the restaurant was worth $130,000 rather than the $30,000 value claimed by the husband, and that the husband's 25 per cent share was worth $32,500 rather than $7,500. Likewise, we do not accept the husband's claims as to the meagerness of his income and that this heretofore prosperous restaurant business has since this suit was filed become a failing operation. It was conceded that the gross receipts of the restaurant during the period May 1967 to December 1972 were shown to be as follows:

| "Accounting Period | Gross Receipts |
|---|---|
| "May, 1967-April, 1968 | $216,772.00 |
| May, 1968-April, 1969 | 216,585.00 |
| May, 1969-April, 1970 | 226,338.00 |
| May, 1970-April, 1971 | 241,421.00 |

May 1, 1971-December 31, 1971
   (8 mos.)                        175,696.00
January, 1972-December, 1972    239,343.00"

The affidavit of the husband offered in evidence showed the following personal income:

| "Year | Income |
|-------|--------|
| "1968 | $3,712.00 |
| 1969 | 7,727.17 |
| 1970 | 4,400.00 |
| 1971 | 9,460.00" |

Although the husband testified that he had no other source of income during the above period, there was documentary evidence offered showing that substantially larger amounts than the above had been deposited into the joint household bank account during the same period,[1] as follows:

| "Year | Amount Deposited |
|-------|------------------|
| "1968 | $ 9,387.14 |
| 1969 | 10,774.16 |
| 1970 | 12,454.74 |
| 1971 | 12,950.72" |

Further, there was evidence offered which showed that in addition to the $6,000 per year regularly paid to his brother for his share of the business, within one period of six months he had paid his brother a total of $8,871.53, during another two-months' period he paid his brother a total of $11,072.87, and again during another four-months' period he paid him $9,000.

Having reviewed the entire record we conclude that (a) the contributions of both parties to the accu-

---

[1] The wife's salary was $5,200 yearly during this period. The husband claimed that this was deposited in the joint account. The wife disputed this, claiming that she cashed most of her pay checks and used the cash to pay household and personal expenses.

mulation of the assets of the marriage, (b) the difference between the present earning capacities of the parties, and (c) the need for and desire of the wife to secure training that hopefully will qualify her for a new position where she will be able to support herself at a level comparable to that which she would have enjoyed but for the dissolution of the marriage, justify the division of property and monetary payments that were decreed by the trial court.

Affirmed.